NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0377n.06

No. 08-3494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**May 27, 2009**

LEONARD GREEN, Clerk

LANDELINO PEREZ-DELEON,    )
                          )
    Petitioner,           )           ON PETITION FOR REVIEW
                          )           OF AN ORDER OF THE
    v.                    )           BOARD OF IMMIGRATION
                          )           APPEALS
ERIC H. HOLDER, JR., Attorney General,  )
                          )
    Respondent.           )
                          )
_____  )


BEFORE: BOGGS, Chief Judge; GILMAN and ROGERS, Circuit Judges.


**ROGERS, Circuit Judge.** Petitioner Landelino Perez-DeLeon, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals denying his request for asylum and withholding of removal under the Immigration and Nationality Act and the Convention Against Torture. The BIA held that Perez-DeLeon had not made a timely application for asylum and failed to establish that extraordinary circumstances excused this late filing. The BIA further held that even if Perez-DeLeon's application for asylum were timely, his request for asylum and withholding of removal would fail because he did not establish past persecution or a well-founded fear of future persecution. This court does not have jurisdiction to review the BIA's decision to deny Perez-DeLeon's asylum application for untimeliness. Furthermore, the BIA's

1

decision on the merits of Perez-DeLeon's withholding-of-removal and Convention Against Torture claims is supported by substantial evidence and is not manifestly contrary to the law. Therefore, we deny Perez-DeLeon's petition for review of these claims.

## I.

Perez-DeLeon came to the United States illegally in 1994, and was charged with removability under the Immigration and Nationality Act ("INA") on October 16, 2002. Perez-DeLeon appeared before an immigration judge and conceded his removability. On February 13, 2004, Perez-DeLeon defensively applied for asylum and withholding of removal under the INA and the Convention Against Torture.

Perez-DeLeon testified at his asylum hearing that he left Guatemala because he "suffered torture and violence and witnessed abuses and [was] persecuted by the soldiers of the government of Guatemala." He testified that when he was eleven or twelve years old, he was playing in the backyard of his house with his siblings when government soldiers arrived. "I went into the house for just a minute and when I came back out, the soldiers were gone, and I couldn't see them, my brothers and sisters, anymore." Perez-DeLeon claimed that the bodies of his brother and sister were never found, and concluded that his siblings were taken and killed by the soldiers because the government thought they were carrying guerrilla propaganda.

According to Perez-DeLeon, government soldiers searched his family's house on several occasions and he would hide from them inside the house or out in the forest. On one of these

occasions, the soldiers showed up and surprised the family. The soldiers allegedly took Perez-DeLeon's father away for carrying propaganda, and his father was never heard from again.

Perez-DeLeon claimed to be a member of an indigenous group that the government did not protect: "They tortured and killed many, many people, the soldiers of the government seemed to earmark [indigenous groups] for killing and torturing. There were many violations of human rights and no protection."

When asked why he did not apply for asylum within one year of arriving in the United States, Perez-DeLeon stated that he was afraid of the United States government and that he was unfamiliar with the relevant laws:

> Q. Now why didn't you apply for asylum within a year from the time you entered the country?
> A. Because I was afraid to tell my story to Government authorities in the United States. I was afraid they would arrest me.
> Q. And why were you afraid?
> A. Because I came from a country where I received maltreatment and torture.
> JUDGE. Then why did you come to the United States? Why did you come to the United States?
> A. Because I knew that in this country there was more freedom or liberty.
> JUDGE. Well, if you knew there was more freedom or liberty in this country, why would you be afraid that you'd be arrested if you told your story?
> A. I wasn't familiar with the laws. I wasn't familiar with going about in a city. I didn't know what my rights were.

Perez-DeLeon also testified that he has a sister who is a permanent resident living in Los Angeles. He lived near her for about eight years and was aware that she had applied for and was granted asylum, but he did not know exactly when. An affidavit from Perez-DeLeon's sister

indicates that she was granted asylum in 1992, about two years before Perez-DeLeon entered the United States.

At the conclusion of the asylum hearing on June 15, 2006, the IJ issued an oral decision denying Perez-DeLeon's requested relief from removal. The IJ found that Perez-DeLeon's asylum application was untimely because he had failed to file within one year of entering the United States. In addition, Perez-DeLeon failed to establish "extraordinary circumstances" to excuse the failure to file within one year. The IJ found that Perez-DeLeon's alleged reason, fear of the U.S. government, was not credible in light of his knowledge of his sister's successful asylum application. The IJ also noted that Perez-DeLeon did not even file his application within one year of being charged with removability.

The IJ found that even if Perez-DeLeon had filed a timely application, it would have been denied on the merits. The IJ first determined that Perez-DeLeon's accounts supporting his application were not credible. The IJ detailed several inconsistencies in Perez-DeLeon's testimony standing alone and when compared to his written application and his sister's affidavit, and then concluded:

> [T]his Court finds that the respondent is not credible. This Court notes the respondent provided in his testimony vague and general testimony regarding the visits by the soldiers. He was unable to articulate with any degree of specificity who he really fears other than the "government soldiers." In any event, based upon the foregoing omissions, inconsistencies, and the overall vagueness of the respondent's testimony as it relates to certain incidents of alleged harm and mistreatment, and indeed the respondent's own inability to identify the indigenous group to which he even belongs, the Court finds that the respondent is not credible, and, therefore, cannot sustain his burdens of proof and persuasion necessary for a grant of asylum, withholding of removal under the Act, or withholding under the Torture Convention.

The IJ found that even if Perez-DeLeon's testimony were credible, he could not meet the requirements to establish eligibility for asylum or withholding of removal. The IJ determined that Perez-DeLeon could not establish persecution based on a protected ground under the INA. The IJ rejected Perez-DeLeon's claim based on his identification with an indigenous group because Perez-DeLeon could not identify a specific group and because he admitted that the entire population was at risk during the civil war. The IJ rejected Perez-DeLeon's claim based on his family's affiliation with an agricultural group because he admitted that his family did not have any problems as a result of being affiliated with this group.

The IJ noted that Perez-DeLeon primarily based his claims on the general effects of the civil war in Guatemala, but that "the harm resulting from countrywide civil strife and anarchy is not persecution." In addition, the civil war in Guatemala ended in 1996 and Perez-DeLeon's remaining family in Guatemala have not experienced harm from the government since his departure. The IJ concluded that Perez-DeLeon was unable to demonstrate that he suffered persecution in Guatemala:

> In this case, the respondent has testified that he's never been detained, arrested, physically mistreated in any way, shape, or form. At best, we have the uncorroborated speculative claims by the respondent that his father and brother and sister were taken by alleged government soldiers and presumably killed. This does not rise to the level of the severity of past persecution or other reasonable possibility of harm. . . . [T]his Court does not find that the circumstances in this case . . . rise to the level of the circumstances set forth in [previous cases] for this Court to find that the respondent has demonstrated compelling reasons arising out of the severity of past persecution to demonstrate eligibility for asylum.

Because Perez-DeLeon had not met the burden required for asylum on the merits, the IJ concluded that he could not meet the higher burden required for withholding of removal under the

INA. Finally, the IJ found that Perez-DeLeon was not eligible for withholding of removal under the CAT because "there is absolutely no evidence of any past torture inflicted on respondent," and Perez-DeLeon's general fear of violence in Guatemala is "insufficient to establish that it is more likely than not that [he] would suffer torture if returned to Guatemala."

On March 28, 2008, the BIA upheld the decision of the IJ and dismissed Perez-DeLeon's appeal. The BIA found that the IJ properly concluded that Perez-DeLeon had not timely filed his application for asylum and that he failed to show that extraordinary circumstances excused this late filing. The BIA determined that Perez-DeLeon's stated reason, that he feared the U.S. government, was "not believable or plausible given the amount of time it took him to file the application and the fact that his sister, with whom he had extensive contact and who had a similar claim, was granted asylum in 1992."

The BIA found that even if Perez-DeLeon's application were timely, he did not establish that he was persecuted in Guatemala. The BIA noted that Perez-DeLeon did not claim that he was physically mistreated or harmed in Guatemala, and determined that the actions of the government toward his family did not rise to the level of persecution. The BIA further found that Perez-DeLeon did not establish a well-founded fear of future persecution in Guatemala. The BIA found that the armed conflict that Perez-DeLeon experienced ended in 1996 and that the "background evidence does indicate that certain problems persist in Guatemala, but the respondent has not shown that he fits within one of the groups that is still experiencing difficulties."

Because Perez-DeLeon did not meet his burden to establish eligibility for asylum, the BIA found that he also failed to meet the higher burden necessary to establish eligibility for withholding of removal under the INA. Finally, the BIA agreed with the IJ's conclusion that Perez-DeLeon had not shown that it is more likely than not that he would face torture by the government of Guatemala and therefore upheld the IJ's decision denying relief under the CAT.

Perez-DeLeon petitions this court for review of the decision of the BIA denying his requested relief. He argues that the IJ and the BIA erred in finding that no exceptional circumstances excused his untimely asylum application, and erred in finding that he did not establish past persecution or a fear of future persecution in Guatemala.

**II.**

This court lacks jurisdiction to review the BIA's denial of Perez-DeLeon's asylum application for untimeliness. This court is barred from "review[ing] asylum applications denied for untimeliness . . . when the appeal seeks review of discretionary or factual questions, but not when the appeal seeks review of constitutional claims or matters of statutory construction." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006); 8 U.S.C. § 1158(a)(3). Perez-DeLeon argues that he should be excused from the timely filing requirement because: 1) he had a fear and distrust of the United States government; 2) he was unaware of his right to file for asylum; and 3) he is an uneducated individual and did not realize that there was a time limitation on asylum applications. The BIA's determination that these claims were not credible and did not constitute extraordinary

circumstances was "predominantly factual" and therefore this court lacks jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3). *See Almuhtaseb*, 453 F.3d at 748-49 n.3; *Huang v. Mukasey*, 523 F.3d 640, 650-51 (6th Cir. 2008).

**III.**

The untimeliness of Perez-DeLeon's asylum application bars review of his asylum claim, but does not bar review of his withholding of removal under the INA and CAT claims. *Almuhtaseb*, 453 F.3d at 749. However, the BIA properly dismissed these claims on the merits. The BIA initially found that even if Perez-DeLeon's application for asylum were timely, he failed to meet the requirements to establish eligibility for asylum. Because he failed to meet the lower standard required to establish eligibility for asylum, the BIA correctly determined that Perez-DeLeon failed to meet the more stringent standards required to establish eligibility for withholding of removal. To reverse the BIA's determination, this panel would have to find that the evidence "not only supports a contrary conclusion, but indeed compels it." *Yu v. Ashcroft*, 364 F.3d 700, 702-03 (6th Cir. 2004) (internal quotation marks and citation omitted). Because the evidence does not compel a contrary conclusion and the decision is not "manifestly contrary to law," 8 U.S.C. § 1252(b)(4)(C), we deny Perez-DeLeon's petition for review of these claims.

The BIA determined that Perez-DeLeon's account of the governmental soldiers' past actions toward his family did not rise to the level of persecution under the INA.[1] We need not decide in the present case whether the BIA correctly resolved this issue, however, because the BIA properly determined that changed circumstances in Guatemala preclude a finding that Perez-DeLeon has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1)(i)(A). The BIA supported its conclusion with substantial evidence:

> The respondent left in 1994, almost 14 years ago, and he has offered no evidence to suggest that the government has any continuing interest in him or in his family. In fact, the background evidence of record shows that the internal armed conflict that was going on when the respondent left Guatemala ended in 1996. The background evidence does indicate that certain problems persist in Guatemala, but the respondent has not shown that he fits within one of the groups that is still experiencing difficulties. Accordingly, we uphold the Immigration Judge's finding that the respondent has failed to show that the has a well-founded fear of facing persecution upon his return to Guatemala . . . .

This court has rejected claims based on fear of future persecution in Guatemala because of the changed country conditions after the end of the civil war. *See, e.g.*, *Pascual v. Mukasey*, 514 F.3d 483, 488 (6th Cir. 2007); *Ramirez-Felipe v. Mukasey*, 292 F. App'x 482, 483-84 (6th Cir. 2008). As in this case, the petitioner in *Ramirez-Felipe* based his claims on the Guatemalan government's alleged attacks on his family members due to their actual or imputed association with guerrillas. *Ramirez-Felipe*, 292 F. App'x at 484. That court concluded: "To the extent Ramirez-Felipe alleges persecution on account of a mistaken association with the guerrillas, it seems particularly unlikely

---

[1]Even though this court lacks jurisdiction to review Perez-DeLeon's asylum claims, we review the BIA's asylum analysis to the extent that it formed the basis of the BIA's rejection of Perez-DeLeon's withholding-of-removal and CAT claims.

that he has a well-founded fear of persecution. 'Why would anyone today ascribe a mistaken anti-government or anti-guerrilla opinion to [the applicant]—given that the war ended over ten years ago . . . ?'" *Id.* (quoting *Pascual*, 514 F.3d at 488). The BIA did not err in concluding that Perez-DeLeon failed to establish a well-founded fear of future persecution.

The BIA correctly determined that Perez-DeLeon failed to establish eligibility for withholding of removal under the INA or relief under the CAT because he failed to meet the lower threshold of showing eligibility for asylum. In order to be eligible for withholding of removal under the INA, Perez-DeLeon must show either past persecution or "that there is a 'clear probability,' that is, that 'it is more likely than not,' that [he] would be subject to persecution on the basis of one of the[] five [statutorily protected] grounds were [he] removed from this country." *Almuhtaseb*, 453 F.3d at 749 (quoting 8 C.F.R. § 1208.16(b)(2)) (internal quotation marks omitted). To be eligible for relief under the CAT, Perez-DeLeon "bears the burden of establishing 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal,'" regardless of the grounds for the government official's actions. *Id.* (quoting 8 C.F.R. § 1208.16(c)(2)) (internal quotation marks omitted). The "clear probability" or "more likely than not" standard for showing the likelihood of future persecution for withholding-of-removal and CAT claims is higher than the "well-founded fear" standard for asylum claims. *Kouljinski v. Keisler*, 505 F.3d 534, 544 (6th Cir. 2007). Therefore, it follows from Perez-DeLeon's failure to meet the standard for establishing eligibility for asylum that he also failed to meet the standard for withholding of removal under the

INA, *see Ramaj v. Gonzales*, 466 F.3d 520, 532 (6th Cir. 2006), or relief under the CAT, *see Sarr v. Gonzales*, 485 F.3d 354, 362 (6th Cir. 2007).

## CONCLUSION

For the foregoing reasons, we dismiss Perez-DeLeon's petition insofar as it seeks review of the asylum claim and deny the petition for review of his remaining claims.